IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSEE
AT CROSSVILLE

SAM BYRD,
    Plaintiff,

v.

No. CV00 5312

ALPHA ALLIANCE INSURANCE
CORPORATION,
    Defendant.

## SUMMONS

To: Alpha Alliance Insurance Corp.
Tennessee Commissioner of Insurance, Leslie Newman
500 James Robertson Parkway, Davy Crockett Tower
Nashville, Tennessee 37243

You are hereby summoned to answer and make defense to the Complaint which has been filed against you in the above-styled action and court. Your defense to the Complaint must be filed in the office of the Clerk of this Court, whose address is shown below, not later than 30 days after a copy of your answer or other defensive pleadings upon *Michael R. Giaimo, 204 N. Washington Avenue, Cookeville, Tennessee 38501*. If you fail to make defense within the time hereinabove provided, judgment by default will be rendered against you for the relief demanded in the Complaint/Petition.

ISSUED this 22 day of October, 2010.

                                                     Larry Sherrill by ds
                                                   Circuit Court Clerk

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a Four Thousand Dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items are seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### OFFICER'S RETURN

I certify that I have this _____ day of _____, 2010 served the within Summons and a copy of the Complaint upon the defendant and making the contents therein known.

                                                                     Process Server/Officer


EXHIBIT 1

IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSEE
AT CROSSVILLE

SAM BYRD,
    Plaintiff,

v.

ALPHA ALLIANCE INSURANCE
CORPORATION,
    Defendant.

No. CV00S3/2

10-22 10

2:39pm

## COMPLAINT

COMES NOW the plaintiff, SAM BYRD, and sues the defendant ALPHA INSURANCE CORP., and for his cause of action, would state as follows:

1. The plaintiff is a citizen and resident of Cumberland County, Tennessee.

2. The defendant is a foreign corporation doing business in the State of Tennessee as insurance company, providing homeowner's insurance to individuals such as the plaintiff. Upon information and belief, the defendant's principal office location is in Glen Allen, Virginia.

3. The plaintiff would submit he had homeowner's insurance coverage written by the defendant's company on his previous residence located at 950 North Lowe Road, Crossville, Tennessee.

4. The defendant may be served with process through the Tennessee Commissioner of Insurance, Leslie Newman, 500 James Robertson Parkway, Davy Crockett Tower, Nashville, Tennessee, 37243.

5. A copy of the plaintiff's insurance policy is attached as Exhibit "A" and is hereby incorporated into this complaint *in haec verba*.

6. On or about June 20, 2009, the plaintiff's home was completely destroyed by a fire. The plaintiff made a timely claim pursuant to his homeowner's coverage and the defendant investigated same. To date, the defendant has acquired the plaintiff's mortgages via assignment, but has refused to compensate him for the total loss of his home or its contents. Moreover, the defendant has refused to release or waive its rights pursuant to assignments it received from the mortgage companies.

7. The plaintiff has cooperated fully with the defendant's investigation, having provided all information and completing all forms required by the defendant. He has also

undergone an extensive examination under oath. The plaintiff did not set fire to his home and did not impede the defendant's investigation or tamper with any evidence of the fire.

8. The defendant has not expressly accused the plaintiff of committing arson but it has heavily intimated as such. The plaintiff was adamantly deny he had anything to do with the fire and further denies obstructing the defendant's investigation into same.

9. The plaintiff would submit he had a valid and binding insurance contract with the defendant. The plaintiff would further submit he has made a valid fire loss claim pursuant to the terms and conditions of the policy. The defendant continues to fully compensate the plaintiff for the total loss of his home and contents and is, thus, in breach of the insurance contract. As a direct and proximate cause of the defendant's breach, the plaintiff has been damaged.

10. The plaintiff would submit the defendant's breach of the insurance contract is material in nature and his damages are extensive.

**WHEREFORE PREMISES CONSIDERED** the plaintiff would pray this Honorable Court for the following relief:

A. That process issue upon the defendant and that it be required to file a response within the time period prescribed by law;

B. That a final hearing be scheduled following a due course of discovery;

C. That a jury be empanelled to hear all issues so triable;

D. That the plaintiff be granted a judgment against the defendant for all compensatory damages he may show himself entitled upon the final hearing in this cause; and

E. That the plaintiff be granted a judgment for all compensatory damages for which he may show himself entitled upon a final hearing in this cause.

**RESPECTFULLY SUBMITTED** this the ____ day of October, 2010.

SAM BYRD

By: _____
MICHAEL R. GIAIMO, BPR#019394
Attorney for the Plaintiff
204 N. Washington Avenue
Cookeville, Tennessee 38501
(931) 372-7515

## COST BOND

We, the undersigned, do hereby acknowledge ourselves as sureties for the cost of this cause an amount not to exceed five hundred dollars ($500.00).

_____
MICHAEL R. GIAIMO

_____
SAM BYRD